

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

May 9, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M-232

Re: Interagency agreement for
the payment of registration
fees for attendance at in-
stitutes and seminars con-
ducted by a State agency.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"This department has received a travel
voucher for a State employee claiming reim-
bursement for a registration fee for attending
the Texas Transportation Institute, a part of
Texas A&M University. The purpose of the trip
to attend the Transportation Institute, trans-
portation expense, and per diem allowance is
/sic/ not in question.

"In view of Article 4413(32) R.C.S., the
Interagency Cooperation Act, the question has
arisen as to whether a registration fee charged
as the result of one State agency performing a
service for another State agency can be paid
on a reimbursement basis as a travel expense
item without complying with the provisions of
Article 4413 (32).

"Please advise:

"1. Should tuition fees and registration
fees for institutes and seminars charged by a
State agency to another State agency be in-
curred under the provisions of the Interagency
Cooperation Act?

- 1131 -

"2. If you hold that the registration fees should be considered a travel expense item if the employee was in travel status at the time the fee was incurred and exempt from Article 4413(32), would the Interagency Cooperation Act apply to the paying of tuition fees and registration fees for seminars by one State agency to another when travel expense is not involved? For example, payment to the University of Texas at Austin for Tuition, institutes, or seminar fees of a State employee whose headquarters is in the city of Austin.

"This information is necessary so that the various State agencies can be advised as to the procedure necessary to legally incur accounts covering services between State agencies."

Section 3 of Article 4413(32), Vernon's Civil Statutes, provides, in part, as follows:

"Sec. 3. Any state agency may enter into and perform a written agreement or ccntract with other agencies of the state for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment. . . ."

Section 5 of Article 4413(32) provides:

"Sec. 5. No agreement or contract may be entered into or performed which will require or permit an agency of the State to exceed its constitutional or statutory duties and responsibilities, or the limitations of its appropriated funds. In reviewing proposed agreements or contracts of the character described in this Act, the Board of Control is authorized and directed to consider the following factors, which shall not be construed to be exclusive:

"(a) Whether the services specified are necessary and essential for activities and work that are properly within the statutory functions and programs of the affected agencies of the State Government;

"(b) Whether the proposed arrangements serve the interests of efficient and economical administration of the State Government; and

"(c) Whether the specified bases for reimbursing actual costs are fair, equitable, and realistic and in conformity with the limitations of funds prescribed in the current appropriations act or other applicable statutes."

In Attorney General's Opinion M-120 (1967), it was held that the registration fee expenses of State employees who were assigned to attend the transportation conference at Texas A&M University constituted State business and that such registration fee may be paid when the agency head has made the determination that attendance at the conference is reasonably necessary in order to carry out the duties and functions of the employees.

Since the attendance to the Texas Transportation Institute, a part of Texas A&M University, by various State employees constitutes official State business found to be necessary and essential for the performance of their duties, such attendance is properly the subject matter of an interagency agreement pursuant to the provisions of Article 4413(32), above quoted.

You are therefore advised, in answer to your first question, that tuition fees and registration fees for institutes and seminars charged by one State agency to another State agency may be incurred by entering into an interagency contract between the agencies involved. In answer to your second question, you are advised that such registration fees may be paid either pursuant to an interagency contract or as a travel expense item incurred by an employee. Attorney General's Opinion M-120 (1967).

## S U M M A R Y

Tuition fees and registration fees for institutes and seminars charged by one State agency to another State agency may be incurred by entering into an interagency contract between the agencies involved.

Such registration fees may be paid either pursuant to an interagency contract or as a travel expense item incurred by an employee. Attorney General's Opinion M-120 (1967).

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Banks
Al Zimmerman
Fielding Early
Robert Crouch

A. J. CARUBBI, JR.
Executive Assistant